UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

MICHAEL W. COBBS,                )
                                 )
        Petitioner-Defendant,    )
                                 )
        v.                       )      Case No. 17-cr-20051
                                 )              22-cv-3141
                                 )
UNITED STATES OF AMERICA,        )
                                 )
        Respondent-Plaintiff.    )


ORDER AND OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

        Before the Court is Petitioner Michael W. Cobbs' Motion to

Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.

§ 2255 (d/e 39).  Cobbs argues that he is actually innocent of his

conviction for brandishing a firearm during a "crime of violence"

because, in light of United States v. Taylor, 142 S. Ct. 2015 (2022),

his predicate conviction of attempted Hobbs Act Robbery is not a

"crime of violence."  For the reasons below, the Court DENIES

Petitioner's § 2255 Motion (d/39) as procedurally defaulted.

However, the Court GRANTS a Certificate of Appealability.

## I.   BACKGROUND

While on federal supervised release for a previous armed robbery, Cobbs again decided to commit an armed robbery.  In October 2017, Cobbs was charged in a three count indictment with attempted obstruction of commerce by robbery in violation of 18 U.S.C. §§ 1951 and 2 (Count One); possession of a firearm in furtherance of robbery, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count Two); and possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a) (Count Three).  With regards to Count One, the charge was titled "attempted" and specifically charged that:

> the defendant, unlawfully obstructed, delayed, and affected, and attempted to obstruct, delay, and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the defendant unlawfully took and obtained, and attempted to take and obtain, personal property, including but not limited to, cellular phones and United States currency, from the persons and in the presence of the owners of the property, against their will by means of actual and threatened force, violence, and fear of injury, immediate and future, to said persons, that is the defendant brandished a firearm as he bound the owners of the property with duct tape and took the property.

<u>See</u> Indictment (d/e 10).

On January 16, 2018, Cobbs entered an open guilty plea to all three counts in the indictment at a hearing before Magistrate Judge Eric I. Long.  In reviewing the charges, the Government stated that if it proceeded to trial it would have to prove that the defendant:

> *one, knowingly attempted to obtain money or other property from the victims outlined in the indictment*; two, that the defendant did so by means of [extortion] or by threatened force, as that term's defined under the law; three, that the defendant believed that the victim parted with that money or property because of that extorsion; and, four, that the defendant's conduct affected or would have affected or had the potential to affect interstate commerce.

Plea Tr. (d/e 44) at 12 (emphasis added).  The Government also presented the factual basis for the plea:

> [O]n September 11, 2017, [] at approximately 7:45 in the morning, the defendant entered the Brickstone Restaurant in Bourbonnais, Illinois.  Once he was inside, he forced two employees into a back utility room; bound their hands with duct tape and put duct tape over their mouths; found another employee, duct taped him, bound him in the same way with duct tape; and then found the owner who was counting money in the front office.  He pulled the chair out from under the owner, and, again, bound the owner with duct tape, and then proceeded to take the money the owner was counting and stuffed it in a backpack.  At the same time he was brandishing a Glock, Model 22, semiautomatic pistol.  At the same time he was attempting to flee the restaurant, he encountered the manager who he wrestled with.  The bag that the

> defendant was carrying was wrestled away from the defendant and the defendant fled.  Within an hour, the defendant was found in the—approximately—in a dumpster, approximately 300 yards away from the restaurant.  He had a roll of duct tape in his possession.  Alongside him was a cell phone that belonged to one of the employees of the Brickstone Restaurant.

Id. at 20-21.  Cobbs agreed that he "essentially" did what the Government alleged, including that he did "attempt to steal money from the owner."  Id. at 22.  Cobbs then plead guilty to all three charges.  Id. at 23-24.  On January 31, 2018, the Court accepted Magistrate Judge Long's Report and Recommendation and adjudged Cobbs guilty of Counts 1, 2, and 3.

The United States Probation Office prepared a Presentence Investigation Report in advance of sentencing.  See PSR (d/e 26).  The PSR consistently referred to the Count 1 conviction as "Attempted Obstruction of Commerce by Robbery (Hobbs Act)."  PSR at 1, 4, 7.  Cobbs faced statutory imprisonment ranges of up to twenty years of imprisonment on Count 1, up to ten years of imprisonment on Count 2, and a mandatory twenty-five-year to life consecutive imprisonment sentence on Count 2.  The PSR calculated a total offense level of 23 and a criminal history category

of III, resulting an advisory guideline sentence on Counts 1 and 3 of 57 to 71 months imprisonment. PSR ¶86.

At the sentencing hearing, on June 8, 2018, neither party had any objections to the PSR.  See S.Tr. (d/e 38) at 24.  The Court sentenced Cobbs to one day of imprisonment on Counts 1 and 3 to run concurrently, and 300 months (25 years) on Count 2 to run consecutively.  S.Tr. at 42; Judgment (d/e 32).  Cobbs was also sentenced to 30 months on his supervised release revocation, to be served concurrently.  S.Tr. at 21.  Cobbs did not file an appeal.

Cobbs filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (d/e 39) on July 26, 2022. Cobbs argues that he is actually innocent of his conviction for brandishing a firearm during a "crime of violence" (Count 2) because, in light of United States v. Taylor, 142 S. Ct. 2015 (2022), his predicate conviction of *attempted* Hobbs Act Robbery is not a "crime of violence."  The Government has filed a response in opposition (d/e 45), and Cobbs has filed a reply (d/e 46).  This order now follows.

## II.   LEGAL STANDARD

Section 2255, "the federal prisoner's substitute for habeas corpus," <u>Brown v. Rios</u>, 696 F.3d 638, 640 (7th Cir. 2012), permits a prisoner incarcerated pursuant to an Act of Congress to request that his sentence be vacated, set aside, or corrected if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  Relief under § 2255 is appropriate for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice."  <u>Harris v. United States</u>, 366 F.3d 593, 594 (7th Cir. 2004) (quotation marks omitted).

## III.   DISCUSSION

In <u>United States v. Taylor</u>, 142 S.Ct. 2015 (2022), the Supreme Court held that attempted Hobbs Act robbery does not qualify as a predicate "crime of violence" for purposes of a conviction for using a firearm in furtherance of a "crime of violence."  142 S.Ct. at 2020.  Applying that holding here, where Cobbs' indictment, the change of

plea hearing, the PSR, and the judgment all referred to the predicate conviction in Count 1 as attempted Hobbs Act robbery, it would appear straightforward that Cobbs' conviction is now invalid. However, on collateral review, obtaining relief is not often straightforward.  The Government argues that Cobbs claim is procedurally defaulted and that his claim fails on the merits because he admitted to facts that establish a completed Hobbs Act robbery.  Resp. at 3–4.  The Court does not reach the Government's second argument, as the Court agrees that Cobbs' claim is procedurally defaulted and the default cannot be excused.

Claims cannot be raised for the first time in a § 2255 motion if they could have been raised at trial or on direct appeal.  Coleman v. United States, 318 F.3d 754, 760 (7th Cir. 2003); McCoy v. United States, 815 F.3d 292, 295 (7th Cir. 2016); Sandoval v. United States, 574 F.3d 847, 850 (7th Cir. 2009).  A petitioner must show cause and prejudice or actual innocence to excuse his procedural default.  See Bousley v. United States, 523 U.S. 614, 622 (1998).

## A. Cause and Prejudice

To show "cause and prejudice, a petitioner must demonstrate both (1) good cause for his failure to raise the defaulted claim before

collateral review and (2) actual prejudice stemming from the violations alleged in the defaulted claim." Delatorre v. United States, 847 F.3d 837, 843 (7th Cir. 2017) (citing Theodorou v. United States, 887 F.2d 1336, 1340 (7th Cir. 1989)). "A change in the law may constitute cause for a procedural default if it creates a claim that is so novel that its legal basis is not reasonably available to counsel." Cross v. United States, 892 F.3d 288, 295 (7th Cir. 2018) (quotation marks omitted); White v. United States, 8 F.4th 547, 556 (7th Cir. 2021) (finding claim was not novel when the "basis and authority" already existed and all that remained was for an "enterprising defendant" to "seize[] upon it"); see also United States v. Vargas-Soto, 35 F.4th 979, 994 (5th Cir. 2022), cert. denied, 143 S. Ct. 583 (2023) ("a claim is not 'novel' where a prisoner could (or where other prisoners did in fact) raise it at time").

Here, Cobbs argues he can establish cause because Taylor was not yet decided at the time he could have appealed. But this claim was not sufficiently novel at the time of his conviction. Cobbs pled guilty on January 16, 2018. By this time, other defendants had raised the argument that attempted Hobbs Act robbery was not

a qualifying crime of violence, albeit unsuccessfully.  See, e.g.,
United States v. St. Hubert, 909 F.3d 335, 351-53 (11th Cir. 2018);
See also Kimbrough v. United States, 71 F.4th 468, 475 (6th Cir.
2023) (finding the petitioner who pled guilty in August 2018 could
not show that the "Taylor argument was sufficiently novel to
constitute cause because it had been previously raised by another
litigant" (internal quotation marks omitted)).  While it is almost a
certainty that Cobbs' claim would have been denied by the Seventh
Circuit had he raised it, see, e.g., United States v. Ingram, 947 F.3d
1021, 1026 (7th Cir. 2020) (holding attempted Hobbs Act robbery is
a qualifying predicate conviction for a crime of violence for purposes
of a § 924(c) conviction), "futility cannot constitute cause if it means
simply that a claim was unacceptable to that particular court at
that particular time," Bousley v. United States, 523 U.S. 614, 623
(1998) (internal quotation marks omitted).  Finding no cause for his
procedural default, the Court declines to separately analyze
whether prejudice exists.

### B. Actual Innocence

Cobbs has also failed to show actual innocence given the facts
to which he admitted at the change of plea hearing.  To show

"actual innocence" a petitioner must demonstrate "factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623; Sawyer v. Whitley, 505 U.S. 333, 340 (1992) ("A prototypical example of 'actual innocence' in a colloquial sense is the case where the State has convicted the wrong person of the crime.").  One district court in this circuit found in an unopposed § 2255 motion that a petitioner who committed attempted Hobbs Act robbery as their predicate offense was actually innocent of the § 924(c) conviction in light of Taylor.  Garcia v. United States, No. 15-CR-119-JPS, 2023 WL 4181970, at *2 (E.D. Wis. June 26, 2023) ("In light of the Taylor Decision, a jury empaneled today could not find, as a factual matter, that Garcia committed Count Two—a § 924(c) offense predicated upon his attempted Hobbs Act robbery offense." (internal quotations marks omitted)).  Cobbs, at least in his reply, argues that the analysis stops here: he was convicted of attempted Hobbs Act robbery and that crime is not a valid "crime of violence" predicate for his 924(c) conviction. Reply at 6.

The Government contends, however, that Cobbs cannot show actual innocence because the facts underlying the offense—and that he admitted to at the change of plea hearing—would have been

sufficient to support a conviction for completed Hobbs Act Robbery. Resp. at 19–23.  The Government's argument stems from the Supreme Court's clarification in <u>Bousely</u> that in cases where the defendant pleaded guilty and "the Government has forgone more serious charges," the defendant's showing of actual innocence "must also extend to those charges."  523 U.S. at 624.  The Seventh Circuit has extended <u>Bousley's</u> logic to charges that are equally serious.  <u>See</u>, <u>e.g.</u>, <u>Lewis v. Peterson</u>, 329 F.3d 934, 937 (7th Cir. 2003).  As the Seventh Circuit explained,

> The idea behind this rule is that had the government foreseen [the change in law] it would not have dropped the charge and so the petitioner, who we know wanted to plead guilty, would probably have pleaded guilty to that charge instead, and if it was a more serious charge (or we add, no less serious a charge) he would probably have incurred a lawful punishment no less severe than the one imposed on him under the count to which he pleaded guilty

<u>Lewis v. Peterson</u>, 329 F.3d 934, 936 (7th Cir. 2003); <u>see</u> <u>also</u> <u>United States v. Ross</u>, 2017 WL 3769758, at *14 (N.D. Ind. Aug. 31, 2017), <u>aff'd sub nom</u>. <u>Oliver v. United States</u>, 951 F.3d 841 (7th Cir. 2020) (finding actual innocence exception did not apply where the defendant had pled guilty and the government had dropped charges of completed Hobbs Act robbery that could have formed the

predicate offense § 924(c) offenses after previous predicate was determined to be invalid in light of new caselaw).

Here, the situation is slightly different, but not meaningfully so. While Cobbs was convicted and sentenced to attempted Hobbs Act robbery in Count I, in the factual basis of his plea he admitted facts that establish he committed a completed Hobbs Act robbery. While Cobbs did not leave the restaurant with the stolen money due to the manager tackling him and recovering the bag, the Hobbs Act robbery was complete as soon as Cobbs left the owner's office with the cash. See also United States v. Smith, 415 F.3d 682, 689 (7th Cir. 2005), cert. granted, judgment vacated on unrelated grounds, 547 U.S. 1190 (2006) ("Many bank robbers are caught red-handed and never have the chance to escape, and they are rightly convicted of violating the law."). Given these facts, had Cobbs raised his argument at the time of his initial proceedings or had the Government foreseen Taylor, the Government could have amended the indictment and clearly charged a completed Hobbs Act robbery and the result of the proceedings would have been the same. This result is bolstered by the fact that, aside from the title of Count II, the language used in the indictment charged attempted or

completed Hobbs Act Robbery as alternatives.

This case is, of course, somewhat different than the scenario addressed in <u>Bousely</u> or <u>Lewis</u>: Here there was not a different charge that the Government forwent in concession for the plea. Rather, the Government is essentially claiming that at the time of plea it did not matter whether they called the conviction attempted or completed Hobbs Act robbery.  And, if they had known it mattered, they would have proceeded and succeeded on a completed Hobbs Act robbery conviction.  Nonetheless, the Court finds that the principle remains the same: Cobbs is not entitled to a "windfall" where he has not shown that the result of his criminal proceedings would have been different had <u>Taylor</u> already been decided prior to his guilty plea.  <u>See</u> <u>Lewis</u>, 329 F.3d at 936. Therefore, the Court finds that Cobbs has not shown actual innocence either and his procedural default cannot be excused.

## IV. CERTIFICATE OF APPEALABILITY

If Cobbs seeks to appeal this decision, he must first obtain a certificate of appealability.  <u>See</u> 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues

a certificate of appealability).  A certificate of appealability may issue only if a petitioner has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Such a showing is made if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner."  Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).  When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, the movant must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.  Here, while the Court finds that Cobbs has not shown actual innocence sufficient to excuse his procedural default, as explained above, the Court finds some debate might exist on whether the principles from Bousley and Lewis extend to the facts of this case.  Accordingly, the Court GRANTS a certificate of appealability.

## V.  CONCLUSION

For the reasons stated above, the Court DENIES Petitioner

Michael W. Cobbs' Motion to Vacate, Set Aside, or Correct Sentence

Under 28 U.S.C. § 2255 (d/e 39).  The Court GRANTS a Certificate

of Appealability.  The Clerk is DIRECTED to prepare the Judgment

and close the accompanying administrative case 22-cv-3141.

Signed on this 10th day of August 2023.

/s/ Sue E. Myerscough
Sue E. Myerscough
United States District Judge